UNITED STATES v. CHICAGO & N. W. RY. CO. (Circuit Court of Appeals, Eighth Circuit. May 18, 1920.) No. 5564. In Error to the District Court of the United States for the District of Nebraska. T. S. Allen, U. S. Atty., of Lincoln, Neb., and Frank A. Peterson, Asst. U. S. Atty., of Omaha, Neb. Wymer Dressler, of Omaha, Neb., for defendant in error.

PER CURIAM. Writ of error dismissed without costs to either party in this court, pursuant to stipulation of parties.

---

WORNER et al. v. UNITED STATES. (Circuit Court of Appeals. Eighth Circuit. April 8, and May 10, 1920.) No. 5519. In Error to the District Court of the United States for the Western District of Arkansas. Edwin Hiner and Holland & Holland, all of Ft. Smith, Ark., for plaintiffs in error. Emon O. Mahony, U. S. Atty., of El Dorado, Ark.

PER CURIAM. Writ of error as to plaintiff in error N. H. Tracy dismissed, without costs to either party in this court, pursuant to stipulation of parties. Writ of error as to plaintiffs in error Leo Worner (Leo Warner) and B. O. White dismissed, without costs to either party in this court, on motion of counsel for defendant in error.

---

RUPPEL v. BOGART. (Court of Appeals of District of Columbia. Submitted May 14, 1919. Decided June 2, 1919.) No. 1228. Appeal from the Commissioner of Patents. Interference proceeding in the Patent Office between Richard Ruppel and John A. Bogart. From a decision by the Commissioner of Patents in favor of Bogart, Ruppel appeals. Affirmed. Theodore K. Bryant, of Washington, D. C., for appellant. George E. Tew, of Washington, D. C., and William Macomber, of Buffalo, N. Y., for appellee.

VAN ORSDEL, Associate Justice. This is an appeal in an interference proceeding between the applications of appellant, Ruppel, filed March 10, 1915, and appellee, Bogart, filed September 3, 1915. It is unnecessary to set out the counts of the issue. The invention relates to an improvement in expansion joints consisting of a casing secured to one section of pipe and a tubular member secured to the other section, in such manner that the one will slide within the other when the pipe contracts or expands. The junior party, Bogart, alleges, and has sustained by sufficient proof, conception and disclosure in August, 1913, and reduction to practice in November, 1914. The senior party, Ruppel, has taken no testimony. In a preliminary statement he referred to an earlier application upon which he relies for constructive reduction to practice. A petition by Bogart for access to the earlier application was allowed by the Commissioner. The tribunals of the Patent Office were unanimous in holding that the earlier application of Ruppel does not disclose the invention here in issue, and that Ruppel must be held, for conception and constructive reduction to practice, to his filing date, March 10, 1915. This holding is fully supported by the record. The decision of the Commissioner of Patents is therefore affirmed. Affirmed.